UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
JOEL ROJAS,

         **ORDER**

      Plaintiff,

 -against-

         07-CV-3221 (CBA)

STATE OF NEW YORK,

      Defendant.
---------------------------------------------------------x
AMON, United States District Judge:

  On July 31, 2007, Joel Rojas, proceeding *pro se,* filed a one-page complaint with this Court. The Court grants Mr. Rojas permission to proceed *in forma pauperis* under 28 U.S.C. § 1915 and directs him to submit an amended complaint within thirty (30) days of the date of this Order.

  The complaint identifies Mr. Rojas as the defendant and the State of New York as the plaintiff. As Mr. Rojas appears to be alleging violations of his constitutional rights and invoking jurisdiction under 42 U.S.C. § 1983, the Court construes his complaint as a civil action brought by him, as plaintiff, against the State of New York, as the defendant. However, the complaint alleges no facts upon which he might be entitled to relief.

  Rule 8 of the Federal Rules of Civil Procedure provides that, in order to state a claim for relief, a complaint must contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). Rule 8(e)(1) requires that "[e]ach averment of a pleading shall be simple, concise, and direct." The purpose of Rule 8 is to give a defendant fair notice of the claim or claims asserted so as to enable him or her to answer and prepare for trial. <u>See</u> <u>Simmons v.</u>

Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995); Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

This complaint fails to comply with Rule 8. In order to permit service of the complaint and to give defendant adequate notice of the claim or claims raised therein, Mr. Rojas must amend his complaint to provide a concise, simple and direct explanation of what the defendant allegedly did or failed to do. Mr. Rojas is reminded that in order to maintain an action brought pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a *person* acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (emphasis added). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.

Moreover, the venue provisions governing federal question jurisdiction require that the action be filed in the judicial district where the defendant resides or where a substantial part of the events or omissions giving rise to the claim occurred. See 28 U.S.C. § 1391(b). For Mr. Rojas's convenience, the Court has enclosed information it provides upon request to *pro se* litigants entitled "Should You File Your Case in Federal Court," "Where to File Your Action," and "Instructions for Filing a Civil Rights Complaint."

Mr. Rojas shall have thirty (30) days from the date of this Order to file an amended complaint that complies with Rule 8. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this Order. No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days. If Mr. Rojas fails to amend his complaint within thirty (30) days as directed by this Order, judgment shall enter dismissing his complaint under Rule 8(a). The Court certifies pursuant to 28 U.S.C.

§1915(a)(3) that any appeal from this Order would not be taken in good faith.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

    SO ORDERED.

CAROL BAGLEY AMON  
United States District Judge

Dated: Brooklyn, New York  
      August 14, 2007